IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| PATRICIA RAMOS | § |  |
|---|---|---|
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| VS. | § | NO. 3-10-CV-1495-BD |
|  | § |  |
| MICHAEL J. ASTRUE, | § |  |
| Commissioner of Social Security | § |  |
|  | § |  |
| Defendant. | § |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patricia Ramos seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including neuropathy in her feet and legs, respiratory problems, and liver cancer. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on January 7, 2009. At the time of the hearing, plaintiff was 53 years old. She has a high school diploma and past work experience as a greeter at a retail store, a sales clerk, a bartender, and a waitress. Plaintiff has not engaged in substantial gainful activity since November 30, 2005.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from neuropathy of the feet and degenerative disc disease of the lumbar spine, the judge concluded that the severity of those

impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a significant range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a cashier, a hand packager, and a small parts inspector -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In four grounds for relief, plaintiff contends that: (1) the ALJ used the wrong legal standard in evaluating the severity of her impairments; (2) the ALJ improperly evaluated her credibility; (3) substantial evidence does not support the finding that she can perform other work in the national economy; and (4) the Appeals Council failed to consider new and material evidence of her disability.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show

that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Among the arguments made by plaintiff is a single claim that compels remand -- the ALJ used the wrong legal standard in implicitly finding that her respiratory conditions are not "severe" impairments. (*See* Plf. MSJ Br. at 14-15). The applicable social security regulation provides:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. § 404.1520(c). Notwithstanding the plain language of this regulation, the Fifth Circuit has held that a literal application of section 404.1520(c) would exclude far more claimants than the

statute intended. *See Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000), *citing Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). As a result, "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101, *quoting Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984). If the ALJ does not set forth the correct standard by reference to *Stone* or by an express statement recognizing the proper construction of the regulation, the court must presume that an incorrect standard has been applied and remand the claim to the Commissioner for reconsideration. *See Loza*, 219 F.3d at 393; *Stone*, 752 F.2d at 1106; *Key v. Astrue*, No. 3-06-CV-1087-N, 2007 WL 2781930 at *3 (N.D. Tex. Sept. 4, 2007).

The ALJ did not cite to *Stone* or a case of similar import and stated that an impairment was not severe "when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work[,]" (*see* Tr. at 41), thus suggesting that some interference with the ability to work was permissible. *Stone* does not allow for any interference with the ability to work, not even minimal interference. *See Padalecki v. Astrue*, 688 F.Supp.2d 576, 580 (W.D. Tex. 2010), *citing Scroggins v. Astrue*, 598 F.Supp.2d 800, 805 (N.D. Tex. 2009). The failure to cite *Stone*, combined with the loose phraseology used by the ALJ in discussing the severity standard, gives rise to a presumption that the judge applied the wrong legal standard in evaluating the severity of plaintiff's impairments. *See, e.g. Hutchins v. Astrue*, No. 3-10-CV-0077-BD, 2011 WL 1136246 at *3 (N.D. Tex. Mar. 25, 2011) (citing cases).

Although the Commissioner may rebut this presumption by showing that the ALJ used the correct legal standard, that showing is not made here. To the contrary, it appears that the ALJ

consistently misapplied *Stone*. For example, in discussing the severity of plaintiff's degenerative disc disease, the ALJ stated that the medical evidence does not show that plaintiff's condition results in "*significant limitations* in basic work activities" and is "not consistent with *severly [sic] disabling* functional limitations." (Tr. at 42-43) (emphasis added). Neither of these statements accurately reflects that, under *Stone*, the claimant need only make a *de minimis* showing that her impairments interfere with her ability to do work. *See McDonald v. Astrue*, No. 1-08-CV-0185-C, 2010 WL 1076140 at *4 (N.D. Tex. Mar. 23, 2010). Further, plaintiff was diagnosed with chronic obstructive pulmonary disease ("COPD") -- a medically determinable impairment. (*See* Tr. at 181, 196). Yet there is no indication that the ALJ conducted any inquiry as to whether her respiratory impairment met the severity standard articulated in *Stone*. Instead, the ALJ relied almost exclusively on a state agency physician's report prepared in September 2007, which noted that plaintiff's lungs were "clear," her chest x-rays were "normal," and that she "denied problems with asthma." (*Id.* at 43). However, the judge inexplicably ignored contrary evidence that plaintiff frequently complained of chest pain, wheezing, shortness of breath, and fatigue associated with her respiratory conditions. (*See id.* at 123, 132, 222, 230, 239-40, 254, 305, 354, 406, 488, 490, 558). She was treated on numerous occasions for chronic bronchitis, pneumonia, and nodules on her lungs. (*Id.* at 213-59, 354-66, 406-20, 488-90, 563-64). Plaintiff also repeatedly missed work because of respiratory illnesses. (*See id.* at 123, 233, 256, 292). Such glaring omissions support the conclusion that the ALJ applied an incorrect severity standard. *See Loza*, 219 F.3d at 394 (ALJ may not "pick and choose" only the evidence that supports his position but, instead, must consider all the evidence in the record); *Scroggins*, 598 F.Supp.2d at 806 (inaccurate characterization of the record supports conclusion that ALJ applied incorrect severity standard); *Hutchins*, 2011 WL 1136246 at *4 (same).

The Commissioner argues that *Stone* applies only when a claimant has been found not disabled at Step 2 of the sequential evaluation analysis. (*See* Def. MSJ Br. at 5-6). The Fifth Circuit has never held that *Stone* applies only to cases where the claimant is found not disabled at Step 2. To the contrary, the failure to apply the correct severity standard has been held to be an independent and sufficient reason to require remand in cases adjudicated beyond the second step of the sequential evaluation analysis. *See, e.g. Loza*, 219 F.3d at 393, 398-99 (case adjudicated at Step 5); *Hutchins*, 2011 WL 1136246 at *4 (rejecting identical argument that *Stone* applies only to cases adjudicated at Step 2); *Key*, 2007 WL 2781930 at *4 (same).

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

SO ORDERED.

DATED: June 21, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.